UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.                                       CAUSE NO. 3:19-CV-776-JD-MGG

DOC, et al.,

    Defendants.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed this lawsuit alleging complaining about the conditions at the Indiana State Prison following a shakedown that occurred on September 5, 2019. Five days later, Cleveland filed the instant complaint. (ECF 1 at 5.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Cleveland is suing the D.O.C., Warden Ron Neal, Deputy Warden Pain, Mrs. Kochvai, and Superintendent Buss. Following the shakedown on September 5, 2019, many items were confiscated, including hygiene items, food, cups, plates, and musical instruments. This leave inmates with little to occupy their time and unable to

wash their hands before meals (they are given their hygiene items for showers only). Cleveland seeks injunctive relief.

It is unclear whether Cleveland filed a grievance, because he did not fully complete the question on the prisoner complaint form asking if the event was grievable. But, what is clear is that he did not exhaust his administrative remedies before filing this lawsuit. On the line of the prisoner complaint form intended to be used to explain why a grievance was not filed for a grievable event, Cleveland writes "yes multiple times still waiting for some reason they never write me back." (ECF 1 at 5.) He filed this complaint just five days later, before a response was received to any grievance he may have filed and without filing an appeal.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, *citing Booth v. Churner*, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison

2

authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). He filed this action within days of the alleged events, and before he could have exhausted his administrative remedies – possibly without even filing a grievance. Therefore, this case cannot proceed. If Cleveland can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on September 25, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT